Case No. 24-1107

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

_____

NASDI, LLC f.k.a. North American Site Developers, Inc.

Defendant-Appellant,

v.

EDWARD F. GRODEN, EXECUTIVE DIRECTOR OF THE
NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND

Plaintiff-Appellee.

_____

On Appeal from the United States District Court
for the District of Massachusetts, Boston
Case No. 21-cv-10303 Hon. Richard G. Stearns

_____

# BRIEF OF PLAINTIFF-APPELLEE NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND

_____

Melissa A. Brennan, Esq.
Feinberg, Dumont & Brennan
177 Milk Street, Suite 300
Boston, MA 02109
Telephone: (617) 338-1976
mab@fdb-law.com

Attorney for Plaintiff-Appellee

# CORPORATE DISCLOSURE STATEMENT 26.1

Pursuant to Federal Rule of Appellate Procedure 26.1, Plaintiff-Appellee Edward F. Groden is an individual who is the Executive Director and fiduciary of the New England Teamsters and Trucking Industry Pension Fund ("the Pension Fund").  Mr. Groden states that the Pension Fund has no parent corporation and that no publicly held company has a 10% or greater ownership interest in it.

The Pension Fund is a trust fund formed pursuant to Section 302 of the Labor-Management Relations Act and is a nongovernmental corporation.

# TABLE OF CONTENTS

*Page*

CORPORATE DISCLOSURE STATEMENT .......................................... i

TABLE OF AUTHORITIES ................................................................. ii

STATEMENT OF THE ISSUES ............................................................ 1

STATEMENT OF THE CASE ............................................................... 2

STANDARD OF REVIEW .................................................................... 3

SUMMARY OF THE ARGUMENT ...................................................... 4

ARGUMENT .......................................................................................... 5

    I.     NASDI has Waived its Argument that it is Entitled to the Building and Construction Industry Exemption ...................... 5

    II.    NASDI's Argument that the Demand Letter was "Void" is without Legal Merit .................................................................. 10

CONCLUSION ..................................................................................... 12

SIGNATURE ........................................................................................ 12

CERTIFICATE OF COMPLIANCE WITH
Fed. R. App. P. 32(a)(7) ....................................................................... 13

CERTIFICATE OF SERVICE ............................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Bd. of Trs. of the Constr. Indus. v. Rec. Dev. Co., Ltd. Liab. Co.*, 2023 U.S. Dist. LEXIS 30885 (D. Nev. Feb. 24, 2023)..............................................................10

*Bd. of Trs. of the W. Conference v. F.C. Parsons, Inc.*, 1984 U.S. Dist. LEXIS 16224 (W.D. Wash. June 1, 1984)........................................................................8

*Cent. States v. Warner & Sons, Inc.*, 2008 U.S. Dist. LEXIS 76317 (N.D. Ill. Sep. 9, 2008) ...................................................................................................6, 7

*Cent. States, Se. & Sw. Areas Pension Fund v. Murphy Bros.*, 772 F. Supp. 2d 918 (N.D. Ill. 2011)..................................................................................................6

*Cent. States, Se. & Sw. Areas Pension Fund v. Waterland Trucking Serv.*, 375 F. Supp. 2d 684 (N.D. Ill. 2005) .......................................................................7

*Central States Pension Fund v. Slotky*, 956 F.2d 1369 (7th Cir. 1992) ..............9, 11

*Groden v. J. Tartaglia Trucking, Inc.*, 235 F. Supp. 3d 326 (D. Mass 2017) ...........8

*O'Connor v. DeBolt Transfer, Inc.*, 737 F. Supp. 1430 (W.D.Pa. 1990)...................9

*Sun Capital Partners III, LP v. New Eng. Teamsters & Trucking Indus. Pension Fund*, 943 F.3d 49 (1st Cir. 2019) ................................................................... 3-4

*Teamsters Pension Trust Fund v. Domenic Cristinzio, Inc.*, 994 F. Supp. 617 (E.D. Pa. 1998) ...............................................................................................................9

*Teamsters Pension Trust Fund v. Malone Realty Company*, 82 B.R. 346 (E.D. Pa. 1988) ................................................................................................................. 9

*Trs. of Laborers Dist. Council & Contractors Pension Fund of Ohio v. Excel Contracting,* 2012 U.S. Dist. LEXIS 134454 (S.D. Ohio Sep. 20, 2012) .............. 8

*Trs. of Laborers Dist. Council & Contractors Pension Fund of Ohio v. Excel Contracting, Inc.*, 2014 U.S. Dist. LEXIS 46222 (S.D. Ohio Apr. 3, 2014) ......... 5

*Trucking Employees of New Jersey Welfare Fund, Inc. v. Parsippany Constr. Co.*, 2009 U.S. Dist. LEXIS 34113 (D.N.J. Apr. 21, 2009) ............................................ 8

*Trustees of Laborers' Local 310 Pension Fund v. Able Contracting Group, Inc.*, 2007 U.S. Dist. LEXIS 55949 (N.D. Ohio Aug. 1, 2007) ...................................... 8

*Trustees of Utah Carpenters' & Cement Masons' Pension Trust v. New Star/Culp LC*, 2009 U.S. Dist. LEXIS 9746 (D. Utah Feb. 9, 2009) ...................................... 8

**Statutes**

29 U.S.C. § 1001 ............................................................................................... 2, 4

29 U.S.C. § 1381 ............................................................................................... 4, 7

29 U.S.C. § 1383 ..................................................................................... 1, 5, 6, 7, 9

29 U.S.C. § 1399 ................................................................................................. 10

29 U.S.C. § 1401 ..................................................................................... 4, 5, 9, 10

ERISA § 4219 ..................................................................................................... 10

ERISA § 4221 ......................................................................................... 4, 5, 10

# STATEMENT OF THE ISSUES

1. Whether the District Court correctly ruled the Appellant waived its argument under 29 U.S.C. § 1383(b) because it failed to file for mandatory arbitration.

2. Whether the District Court correctly found the Appellant's request to void the Demand for Withdrawal Liability lacked legal merit.

# STATEMENT OF THE CASE

The New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") is a "multiemployer pension plan" governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Record Appendix ("R. App."), p. 19). NASDI, LLC f.k.a. North American Site Developers, Inc. ("NASDI") had an obligation to contribute to the Pension Fund from 1983 to June 2020, pursuant to the Pension Fund's Standard Participation Agreement and various collective bargaining agreements. (*Id*.) NASDI stopped making contributions after June 2020 and withdrew from the Pension Fund on September 18, 2020. (*Id*.)

On October 28, 2020, the Pension Fund sent a Demand for Withdrawal Liability to NASDI (the "Demand") and demanded its proportionate share of the Pension Fund's unfunded vested liability. (R. App., pp. 110-117). When no response or payments were received from NASDI, the Pension Fund filed a Complaint on February 22, 2021, in the United States District Court for the District of Massachusetts. (R. App., pp. 49-52).

On April 22, 2021, NASDI filed a Suggestion of Bankruptcy in the matter and the case was stayed by the district court. (Appellant's Brief ("App. Brief"), p. 7). On March 10, 2023, the Pension Fund moved to reopen the case after NASDI's bankruptcy was dismissed. The case was reopened on March 12, 2023. (*Id*.).

Cross-Motions for Summary Judgment were filed by the parties on November 15, 2023. (*Id.*). NASDI filed an opposition to the Pension Fund's motion on December 5, 2023 (R. App., pp. 24-28) and the Pension Fund filed its opposition on December 6, 2023. (*Id.*, pp. 42-48).

On December 11, 2023, the district court denied NASDI's motion and allowed the Pension Fund's motion. (Addendum to Appellant's Brief, pp. 21-28). The court entered judgment for all claims against NASDI.[1] (*Id.*).

NASDI **never** filed for arbitration in this case, nor has it made any payments to the Pension Fund for withdrawal liability. (App. Brief, p. 8). In addition, NASDI never responded to the Demand at any point in time since, nor did it submit any request for review or documentation to the Pension Fund in regards to the building and construction industry exemption.

## STANDARD OF REVIEW

This Court reviews "a grant or denial of summary judgment, as well as pure issues of law, de novo. … Because the parties filed cross-motions for summary judgment, [this Court will] 'view each motion, separately, in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor.'"

---

[1] The Pension Fund's Complaint also included a count against NASDI for delinquent contributions. NASDI did not dispute that it owed the unpaid contributions, therefore, the instant appeal is only in regards to Count II for payment of withdrawal liability.

*Sun Capital Partners III, LP v. New Eng. Teamsters & Trucking Indus. Pension Fund*, 943 F.3d 49, 55 (1st Cir. 2019). (internal citations omitted).

## SUMMARY OF THE ARGUMENT

This case involves the payment of withdrawal liability under ERISA, 29 U.S.C. § 1001, et seq., as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA"). 29 U.S.C. § 1381 et. seq. An assessment of withdrawal liability is subject to the mandatory arbitration provisions of the MPPAA. ERISA § 4221, 29 U.S.C. § 1401. An employer waives the right to contest the assessment on the merits if it fails to initiate arbitration on a timely basis. 29 U.S.C. § 1401(b)(1).

The Pension Fund sent a timely Demand for Withdrawal Liability to the Appellant on October 28, 2020. When NASDI received the Demand, the company did nothing in response. The Pension Fund then filed a Complaint in February 2021 and NASDI filed a Suggestion of Bankruptcy. The company never addressed the Demand then or while the case was stayed in the district court. Once NASDI's bankruptcy was dismissed and the case was reopened in the district court, NASDI still did nothing to address the Demand, nor did it submit a request for review to the Pension Fund or file for arbitration.

Instead, for the first time in its Motion for Summary Judgment, some eight (8) months after the case was reopened, NASDI declared the Demand was "void" due to the bankruptcy court's automatic stay. The company also asked the district court

to determine that NASDI is not liable for the withdrawal liability due to the building and construction industry exemption pursuant to 29 U.S.C. § 1383(b). However, both of these arguments fall under the mandatory arbitration provision of the MPPAA and NASDI never filed for arbitration. Refusing to believe this, NASDI is claiming the demand was void in order to have another chance to file for arbitration.

As the district court's decision was entirely proper, the Appellee respectfully asks this Court to uphold the allowance of the Pension Fund's Motion for Summary Judgment.

## ARGUMENT

**I. NASDI has Waived its Argument that it is Entitled to the Building and Construction Industry Exemption.**

Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 of this title **shall** be resolved through arbitration. ERISA § 4221, 29 U.S.C. § 1401. (emphasis added). An employer waives the right to contest the assessment on the merits if it fails to initiate arbitration on a timely basis. (*Id.*).

The mandatory arbitration provision outlined in ERISA § 4221(a)(1), 29 U.S.C. § 1401(a)(1) includes section 1383(b) – the building and construction industry exemption – in the range of sections it covers. This exemption is an affirmative defense that employers can raise once a withdrawal has occurred. *Trs. of Laborers Dist. Council & Contractors Pension Fund of Ohio v. Excel*

5

*Contracting, Inc.*, 2014 U.S. Dist. LEXIS 46222, at *8-9 (S.D. Ohio Apr. 3, 2014). Certain employers in the building and construction industry, which meet specific criteria, are exempt from paying withdrawal liability. *Cent. States v. Warner & Sons, Inc.*, 2008 U.S. Dist. LEXIS 76317, *9 (N.D. Ill. Sep. 9, 2008). "To qualify for the [building and construction industry exemption], an **employer** must show, among other things, that "substantially all of the employees with respect to whom the employer has an obligation to contribute under the plan perform work in the building and construction industry. 29 U.S.C. § 1383(b)(1)(A)." *Cent. States, Se. & Sw. Areas Pension Fund v. Murphy Bros.*, 772 F. Supp. 2d 918, 921 (N.D. Ill. 2011). (emphasis added).

In contrast, NASDI places the burden for invoking the exemption on the Pension Fund stating: "[t]here was no evidence upon the record that the Teamsters Pension Fund ever made a determination under 1383(b)." (App. Brief, p. 17). NASDI also argued in the district court "that it 'had no obligation to request arbitration,' either because 'the exemption exists as a matter of right' or because the Pension Fund failed to affirmatively 'mak[e] any determination which might have disqualified NASDI from the exemption.'" (R. App., p. 13). NASDI does not cite to any legal authority to support these arguments.

Further, NASDI states "[t]he Pension Fund appears to manufacture a 'dispute' after the fact while simultaneously claiming that NASDI must have affirmatively

asserted its rights to the building construction exemption in response to a generic withdrawal liability demand." (App. Brief, p. 15). It also argues, again without any legal authority, that "[i]n addition to determining whether an Employer has permanently ceased to have an obligation to contribute under the plan, or permanently ceased all covered operations under the plan within §1381(a), the Plan sponsor **must** determine whether the foregoing factors set forth in §1383(b) are applicable." (*Id*., pp.15-16). (emphasis added).

NASDI is wrong. There is no statute or case which states that the Plan sponsor must do anything of the sort and NASDI does not cite to any. The responsibility to raise the building and construction industry exemption lies squarely with NASDI. In order to invoke the exemption, the **employer** needs to submit supporting documentary evidence to definitively establish the work performed and the details of such work. See *Warner*, 2008 U.S. Dist. LEXIS 76317 at *13. (The court was unable to determine whether substantially all of the employer's drivers performed construction work because its affidavits lacked detail.); *Cent. States, Se. & Sw. Areas Pension Fund v. Waterland Trucking Serv.*, 375 F. Supp. 2d 684, 686-87 (N.D. Ill. 2005) (The company's affidavits did not give sufficient information or cover the requisite time period to defeat summary judgment.)

NASDI never submitted any documentary evidence or even asked to submit such evidence.

The reality is NASDI's "claim that it is entitled to raise the affirmative defense of exemption from withdrawal liability is defeated by its failure to initiate arbitration within the time period required under the MPPAA." *Bd. of Trs. of the W. Conference v. F.C. Parsons, Inc.*, 1984 U.S. Dist. LEXIS 16224, at *10 (W.D. Wash. June 1, 1984). In fact, **any** defense to the withdrawal liability determination has been waived by NASDI by not filing for arbitration. *Groden v. J. Tartaglia Trucking, Inc.*, 235 F. Supp. 3d 326, 331 (D. Mass 2017). This includes the building and construction industry exemption. See *Trustees of Laborers' Local 310 Pension Fund v. Able Contracting Group, Inc.*, 2007 U.S. Dist. LEXIS 55949, at *22-23 (N.D. Ohio Aug. 1, 2007) (concluding that applicability of the building and construction industry exception is subject to arbitration); *Trucking Employees of New Jersey Welfare Fund, Inc. v. Parsippany Constr. Co.*, 2009 U.S. Dist. LEXIS 34113, at *8-9 (D.N.J. Apr. 21, 2009) (requiring an employer to arbitrate whether the case falls within the building and construction industry exception); *Trustees of Utah Carpenters' & Cement Masons' Pension Trust v. New Star/Culp LC*, 2009 U.S. Dist. LEXIS 9746, 2009 WL 321573, at *5 (D. Utah Feb. 9, 2009) (stating that applicability of the exception must have been arbitrated because "an arbitrator skilled in pension and labor matters would have had superior expertise to offer . . . [a]nd this court would have undoubtedly benefitted from a thoroughly developed factual record"); *Trs. of Laborers Dist. Council & Contractors Pension Fund of Ohio*

*v. Excel Contracting,* 2012 U.S. Dist. LEXIS 134454, at *14 (S.D. Ohio Sep. 20, 2012) (request to amend answer to add construction industry exemption as a defense was denied because Defendant never requested arbitration and failure to do so precludes their pursuit of that defense in the litigation).

NASDI "offers no legal support for the proposition that, despite disputes concerning §1383(b) seemingly being encompassed within the plain text of the provision, the applicability of the exemption somehow falls outside the scope of §1401(a)'s mandate." (R. App., p. 13). In addition, "[e]very court to face the issue has reached a contrary conclusion." (*Id.*, pp. 13-14).

Where, as here, an employer ignores its arbitration rights, MPPAA unambiguously provides that the liability is fixed, the employer's right to dispute the assessment is waived, and the liability is "due and owing." *Central States Pension Fund v. Slotky*, 956 F.2d 1369, 1372 (7th Cir. 1992); *Debreceni v. Arthur W. Heidke Co. & Sons*, 1987 U.S. Dist. LEXIS 1808, 3-4 (D.Mass. Mar. 10, 1987); *Teamsters Pension Trust Fund v. Domenic Cristinzio, Inc.*, 994 F. Supp. 617, 621 (E.D. Pa. 1998) citing *Teamsters Pension Trust Fund v. Malone Realty Co.*, 82 B.R. 346, 351 (E.D. Pa. 1988); *O'Connor v. DeBolt Transfer, Inc.*, 737 F. Supp. 1430, 1435-39 (W.D.Pa. 1990).

"While the assessment of withdrawal liability that results from a failure to arbitrate produces a harsh result, the result is largely 'a self-inflicted wound.'" *Bd.*

*of Trs. of the Constr. Indus. v. Rec. Dev. Co., Ltd. Liab. Co.*, 2023 U.S. Dist. LEXIS 30885, at *13 (D. Nev. Feb. 24, 2023) (internal citations omitted). Therefore, the district court's decision on the exemption must be upheld.

## II. NASDI's Argument that the Demand Letter was "Void" is without Legal Merit.

"As soon as practicable after an employer's complete or partial withdrawal, the plan sponsor **shall**—

(A) notify the employer of—
    (i) the amount of the liability, and
    (ii) the schedule for liability payments, and
(B) demand payment in accordance with the schedule."

ERISA § 4219(b)(1), 29 U.S.C. § 1399 (b)(1) (emphasis added).

NASDI challenges the legality of the Demand upon NASDI by claiming it was "void" due to the automatic stay in the bankruptcy court. However, the Demand did not violate the automatic stay and arguments to the contrary should have been brought in arbitration pursuant to ERISA § 4221, 29 U.S.C. § 1401.

The Pension Fund's Demand to NASDI satisfies the requirements of ERISA § 4219(b)(1), 29 U.S.C. § 1399 (b)(1). It was mailed on October 28, 2020, before the bankruptcy petition was even filed on November 5, 2020. An assessment of withdrawal liability is subject to the mandatory arbitration provisions of the MPPAA. ERISA § 4221, 29 U.S.C. § 1401. However, "NASDI did not submit a request for arbitration of any dispute concerning the Pension Fund's demand for

10

withdrawal liability (whether in the wake of its initial delivery or after the stay was lifted)." (R. App., p. 10).

First, NASDI fails to point to any statute or case that states a demand for withdrawal liability – mailed eight (8) days **before** a bankruptcy petition is filed – violates the automatic stay and makes the demand somehow void. Second, notices of withdrawal liability do "not inaugurate a litigation or even create a lien", *Slotky*, 956 F.2d at 1376. Third, "even if the demand violated the automatic stay, all that this would mean … is that the pension plan could not proceed … unless the bankruptcy judge lifted the stay." *Id*. This is exactly what happened in this case.

As soon as NASDI filed its Suggestion of Bankruptcy, the district court case was stayed, the Pension Fund appropriately filed its Proof of Claim and then did nothing more to collect the withdrawal liability until the case was reopened in March 2023. After the case was reopened, it was NASDI that did nothing.

Assuming, *arguendo*, the Demand was void, NASDI still ignored its arbitration rights. Further notice was given to NASDI through the Pension Fund's Proof of Claim filed in the bankruptcy court and its Complaint in the district court, yet NASDI did nothing.

At any time since October 28, 2020, NASDI could have filed for arbitration and even as of today, has never filed for arbitration in this matter. Instead, the company has concocted an argument that the Demand was somehow void and sent

11

in violation of the automatic stay, in order to get another chance at arbitration to raise the building and construction industry exemption. This it cannot do.

## **CONCLUSION**

NASDI's arguments in this Court and at the district court are simply incorrect. There is also a glaring lack of legal authority and citations, both here and in the pleadings below, to support NASDI's arguments. For the reasons stated above, the Appellee respectfully requests the Court affirm the district court's ruling in this matter.

Dated: May 17, 2024                                    Respectfully Submitted,

/s/ Melissa A. Brennan
Melissa A. Brennan, Esq.
1st Cir. No. 1156731
Attorney for Appellee
Feinberg, Dumont & Brennan
177 Milk Street, Suite 300
Boston, MA 02109
Tel.: (617) 338-1976
Fax: (617) 338-7070
mab@fdb-law.com

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

The undersigned confirms that this brief complies with Rule 32(a).

1. This brief complies with the page limitation and type-volume limitation of Fed. R. App. P. 32(a)(7)(A) and (B) because it does not exceed thirty (30) pages and contains 2501 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word Times New Roman font size 14.

Dated: May 17, 2024            /s/ Melissa A. Brennan
                                          Melissa A. Brennan, Esq.

                                          Melissa A. Brennan, Esq.
                                          Attorney for Plaintiff-Appellee
                                          New England Teamsters and
                                          Trucking Industry Pension
                                          Fund

# CERTIFICATE OF SERVICE

I, Melissa A. Brennan, hereby certify that I caused a copy of the foregoing documents to be electronically mailed on this day to:

Megan M. Dart
Dailey & Associates
353 West Center Street
W. Bridgewater, MA 02379
Megan.dart@gmail.com
megan@faileylaw.com

Attorney for Defendant-Appellant NASDI, LLC

Dated: May 17, 2024                /s/ Melissa A. Brennan
                                                               Melissa A. Brennan, Esq.
                                                               Attorney for Plaintiff-Appellee
                                                               New England Teamsters and
                                                               Trucking Industry Pension
                                                               Fund